### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **S.T., on behalf of Shanisha L.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 25-3519** |
| **FRANK BISIGNANO, Commissioner of the Social Security Administration,** | |
| **Defendant.** | |

### MEMORANDUM OPINION AND ORDER

Plaintiff S.T. lives with and cares for her mentally impaired adult daughter, Shanisha L. See ECF No. 1 (Compl.), ¶ 1. S.T. applied for Supplemental Security Income on Shanisha's behalf, the application was rejected, and S.T. is seeking judicial review of that decision. Id., ¶¶ 42, 69–71; id. at 1. S.T. now moves to proceed pseudonymously. See ECF No. 3 (Mot.). The Court will grant the Motion.

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed

in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court

must "'balance the litigant's legitimate interest in anonymity against countervailing interests in

full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

(1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3)  the ages of the persons whose privacy interests are sought to be protected;

(4)  whether the action is against a governmental or private party; and relatedly,

(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.    Analysis

Plaintiff has shown that her privacy interests outweigh the public's presumptive interest

in learning her identity.

First, this case concerns "a matter of a sensitive and highly personal nature."  Id. at 326

(cleaned up).  Few pieces of information are as sensitive and personal as medical diagnoses,

especially if they involve a disability.  Id. at 327; Charles H. v. District of Columbia, 2021 WL

6619327, at *2 (D.D.C. Apr. 9, 2021); J.W. v. District of Columbia, 318 F.R.D. 196, 202

(D.D.C. 2016).  Here, the Complaint discloses a long list of Shanisha L.'s symptoms and

diagnoses, which are particularly sensitive.  It reveals that she "has been diagnosed with

schizoaffective disorder, bipolar disorder, [and] depression," which forced her to drop out of

college "due to a mental health crisis."  Compl., ¶¶ 29–30.  It notes that she continues to

experience "mania, auditory and visual hallucinations, paranoia, impulsive and risky behavior,

flight of ideas, distractibility, and sleep disturbances," id., ¶ 33, and that she hears voices in her head "about twice a week." Id., ¶ 61. It divulges that several years ago, in the grips of a particularly severe episode, she "went missing for six days." Id., ¶ 31. And it lists the ways that Shanisha's continued struggles limit her ability to live a normal and independent life. Id., ¶¶ 34–35. Those sensitive revelations are paradigmatic examples of matters that weigh in favor of allowing a plaintiff to proceed under a pseudonym.

Of course, here the plaintiff is not Shanisha herself but her mother, S.T. Yet the fact that S.T.'s daughter — whom she lives with and cares for — is suffering from severe mental-health problems is a sensitive and personal fact not only about Shanisha, but also about S.T. herself. S.T. might reasonably consider it none of the public's business that, say, her daughter suffers bouts of mania, hallucinates, and hears voices in her head. As for Shanisha's privacy interests, identifying S.T. risks identifying her, too. See Doe v. Blinken, No. 23-2997, ECF No. 3 (Mem. Op.) at 4 (D.D.C. Oct. 13, 2023).

The second factor asks "whether identification poses a risk of retaliatory physical or mental harm." Sealed Case, 971 F.3d at 326. Plaintiff do not allege any such risk, so this factor weighs against pseudonymity. See ECF No. 3-1 (Pl. Br.) at 7 n.3.

As for the ages of the people with relevant privacy interests, this factor requires some explanation but comes out in favor of pseudonymity. S.T. is an adult. Id. Shanisha L. is 29 years old, see Compl., ¶ 29, but a court has found that she is incapacitated. id., ¶ 37; should her privacy interests be protected as if she were a minor? The Court thinks so. Courts applying this factor have not held a rigid line at the age of majority but instead have taken a pragmatic approach. See T.F. v. District of Columbia, No. 23-3612, ECF No. 4 (Mem. Op.) at 3–4 (D.D.C. Dec. 7, 2023) (treating 19-year-old plaintiff as minor because, while over age of majority, he was

"still a teenager," and case involved "medical and educational records from when he was younger"); <u>Charles H.</u>, 2021 WL 6619327, at *1, *3 (while plaintiffs were aged 18 and 20, this factor supported pseudonymity because they were "relative[ly]" young and disabled).  In addition, the reasons for protecting a minor's privacy apply equally to incapacitated adults.  Like a minor, an incapacitated adult might not be able to meaningfully consent to the disclosure of her sensitive information.  <u>See, e.g.</u>, Restatement (Second) of Torts § 892A cmt. B (A.L.I. 1979); Restatement (Second) of Contracts § 12(2)(a), (c) (A.L.I. 1981).  And like a minor, an incapacitated adult typically has someone else suing on her behalf.  <u>See</u> Fed. R. Civ. P. 17(c). Take this case, where the suit was filed by Shanisha L.'s mother, <u>see</u> Compl., ¶ 1, whom a court has authorized "to make financial, medical, and other decisions on [Shanisha's] behalf."  <u>Id.</u>, ¶ 37.  For both these reasons, mentally incompetent adults — like minors — might not be able to look out for their own interests or, if denied pseudonymity, make their own choice about whether proceeding with the lawsuit is worth revealing sensitive information or exposing themselves to possible retaliation.  <u>See In re Abrams & Abrams, P.A.</u>, 605 F.3d 238, 243 (4th Cir. 2010) (in different context, articulating same standard for "a minor or disabled individual," since both "may be especially vulnerable to manipulation or . . . unable to protect themselves").  This factor therefore favors pseudonymity.

Moving on to the fourth factor, the defendant's identity, this factor usually favors pseudonymity when a plaintiff sues the government.  <u>J.W.</u>, 318 F.R.D. at 201.  True, it tips the other way if the plaintiff is seeking programmatic relief that would change public policy — in which case the public has a stronger interest in learning who is trying to change law affecting many others.  <u>In re Sealed Case</u>, 971 F.3d at 330.  But in this suit, S.T. argues only that <u>Shanisha's</u> application was improperly denied because of facts about <u>Shanisha's</u> claim: that the

ALJ improperly weighed the evidence in Shanisha's case.  See Compl., ¶¶ 73–83.  That favors

pseudonymity.  Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.), at 5 (D.D.C. June 11,

2024).

      Finally, letting S.T. proceed pseudonymously would not prejudice Defendant.  This

factor favors pseudonymity if the defendant knows who the plaintiff is.  In re Sealed Case, 971

F.3d at 326 n.1.  S.T. asserts that the Government does, since she has already litigated this case

administratively, including by testifying at the administrative hearing.  See Pl. Br. at 10.  Just to

be safe, she asks for leave to file her full name and address, along with Shanisha's, under seal.

Id.  The Court will grant that request.  This factor favors her.

      Plaintiff's suit reveals deeply personal and sensitive information about her incapacitated

daughter.  That daughter deserves the Court's solicitude for the same reasons that a minor does.

And letting Plaintiff proceed under a pseudonym would not prejudice Defendant.  The Court will

therefore grant Plaintiff's Motion to Proceed Anonymously and order her to file her name and

address, along with Shanisha L.'s, under seal.

      The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion for Leave to Proceed Anonymously and Leave to File Praecipe
   Identifying Plaintiff Under Seal is GRANTED, subject to any further consideration
   by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in
   this action; and

3. Within fourteen days of this Order, Plaintiff shall file:

   i. A pseudonymous version of her [3] Motion on the public docket; and

      ii. A sealed declaration containing her real name and residential address,

          as well as Shanisha L.'s.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 3, 2025